[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Allen-Bradley Company, Inc. (A-B) requests this Court made a determination, pursuant to Practice Book § 61-4
(a), permitting an immediate appeal of its decision of May 28, CT Page 8346 1997 in this case. That decision held that (1) a franchise relationship existed between A-B and plaintiff Hartford Electric Supply Company (HESCO) within the meaning of the Connecticut Franchise Act (CFA), § 42-133e, et seq.; (2) A-B did not have "good cause" to terminate the franchise; and, (3) by violating CFA and causing substantial harm to HESCO, A-B also violated Connecticut Unfair Trade Practices Act, § 42-110b, et seq.
Plaintiff timely filed an appeal to this Court's decision and timely filed this motion. Defendant timely filed an objection. As a result of extensive discussions between the parties and with this Court, plaintiff withdraws its opposition and now does not oppose the granting of this motion.
Over the past year the parties have had discovery on the remaining issues of this case, including plaintiff's common law counts which will require a jury trial before a final judgment is made. It is apparent that trial will not be reached for at least another year.
In the meantime, as defendant's motion relates, the plaintiff is continuing as virtually the sole distributor of defendant in Connecticut and controls over $10,000,000 in sales of A-B products. The uncertainty of the validity of this Court's decision undoubtedly affects the on-going relationship of the parties and diminishes the maximization of their businesses.
More significantly, while the CFA has been interpreted many times by Connecticut federal district courts and by the Second Circuit Court of Appeals, this is the first comprehensive discussion of the Act by a Connecticut state court. No other state court has determined what are the elements of a franchise relationship and what constitutes "good cause" for a franchisor to terminate it. This Court's decision has been the subject of seminars by the Connecticut Bar Association on franchise law, and is of intense interest to the Connecticut federal courts which hear most franchise cases and need an authoritative state appellate court construction of the CFA.
Thus, this Court determines that the issues resolved by this Court's decision are of such significance to the outcome of this case and both to the parties and to the bar generally, that any delay incident to an appeal is justified.
The motion is granted. CT Page 8347
Robert Satter, JTR